IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Hansa Meyer Transport GMBH & Co., KG, | ) | C/A No.: 8:06-00924-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Norfolk Southern Railway Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This case was filed on March 22, 2006 and a Scheduling Order was issued. Subsequently, the parties submitted and the court approved a "Second Consent Amended Scheduling Order" on May 29, 2007. This second Order required all discovery to be completed no later than September 28, 2007, with the case being subject to trial on or after December 9, 2007.

      Thereafter, a motion for a Protective Order concerning the deposition of one non-party witness was filed and an Order was issued relating thereto regarding that one sole witness and his deposition. This motion was filed prior to the expiration of the discovery deadline in the second Consent Amended Scheduling Order. The Order re-opened discovery only for the sole purpose of taking only the deposition of that one witness. No request to otherwise revise the Scheduling Order regarding discovery was made by either party prior to the expiration of the discovery deadline of September 28, 2007.

      After the court issued its Order of October 19, 2007, allowing the re-deposing of the sole non-party witness, the lawyers for both parties contacted the court and spoke to the court's law clerk. At that time, both counsel expressed concern that the time for filing dispositive motions would need to be extended to a date after the deposition of the non-party witness who was allowed to be re-deposed.

Plaintiff's counsel also indicated that additional depositions were needed. The court through staff, advised that it was fine to send the court a Consent Order extending the dispositive motion deadline because of that, but all other deadlines would remain in effect. The court through staff also advised that if the parties could agree on additional depositions to be taken, that they could take them, but otherwise, except for a new agreed upon date for filing dispositive motions, all other dates would remain in effect in the Scheduling Order.

Subsequently, the court received on October 31, 2007 from Attorney Cohen, counsel for defendants, a proposed Amended Scheduling Order with a cover letter to plaintiff's counsel. The court assumed this "Proposed Amended Scheduling Order" was being submitted with the consent of plaintiff's counsel. This proposed Order went much farther than simply allowing some additional depositions to be taken and extending the time for filing dispositive motions. It extended the time for expert designations and other deadlines which would significantly delay the trial of this case. The court entered the new Scheduling Order and inserted appropriate dates; however, it intentionally did not revise expert designation dates which would further delay the trial of the case. After entering the new Amended Scheduling Order on October 31, 2007, the court was contacted by plaintiff's counsel and advised that Attorney Cohen sent the proposed Scheduling Order <u>without</u> seeking approval of plaintiff's counsel. Attorney Cohen has responded by letter that he did not intend to imply the consent of opposing counsel to the proposed Scheduling Order which he had submitted to the court.

Therefore, the Amended Scheduling Order of October 31, 2007 is hereby **VACATED** and **RESCINDED**. The second Consent Amended Scheduling Order remains in effect with the exception of the following:

Filing of <u>dispositive motions deadline</u> is now <u>December 20, 2007</u>; the deadline to file and serve affidavits of records and custodian witnesses is <u>December 8, 2007</u>; <u>mediation</u> shall be completed by

January 5, 2008; the parties shall file and exchange 26(a)(3) pretrial disclosures by January 10, 2008; Motions in Limine must be filed three (3) weeks prior to February 5, 2008, this case is subject to being called for jury selection and/or trial on or after February 5, 2008; the deposition of the non-party witness referred to in the earlier motion for a Protective Order shall be taken by December 15, 2008.

The Scheduling Order is not a "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril," Gestetner Corp v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

Nothing in this order shall prohibit counsel from agreeing between themselves to take any other depositions they can agree on; however, this court will not entertain any discovery disputes or motions relating thereto since the discovery deadline has passed and previous extensions given, and no request for an extension has been made until after the deadline, and until just over a month before the case was subject to being called for trial under the second Consent Scheduling Order.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 2, 2007