IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| HANSA MEYER TRANSPORT GMBH & CO., KG | ) ) ) | Civil Action No.:  8:06-cv-00924 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **O R D E R** |
| NORFOLK SOUTHERN RAILWAY COMPANY | ) ) ) | |
| Defendant. | ) ) ) | |

     This Court entered its Findings of Fact and Conclusions of Law on May 20, 2008, and judgment was entered by the Clerk on May 27, 2008 in favor of the plaintiff in the amount of $100,000. Plaintiff filed a Bill of Costs on May 30, 2008 and a Supplemental Bill of Costs on June 5, 2008 requesting costs totaling $13,074.45. Defendant filed a Bill of Costs on June 2, 2008 requesting costs in the amount of $7767.09.  Each party has objected to the opposing party's bill of costs.

     Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs."  The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.*, *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994).  The expenses which may be taxed are listed in 28 U.S.C.

1

§ 1920 and Local Civil Rule 54.03.

Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *Teague*, 35 F.3d at 996.

As grounds for denial of costs to the plaintiff, the defendant first asserts that the plaintiff was not in actuality the prevailing party due to the fact that in April of 2005, before the filing of the lawsuit in 2006, Norfolk Southern offered to pay TransLink $100,000 for damage to the transformer on the basis of the limitation of liability, referencing Defendant's exhibit 9, letter from Patricia A. Lee to TransLink, Inc. dated May 4, 2005. Defendant asserts that, since this Court awarded only $100,000 in recognition of the validity of the limitation of liability, the plaintiff should not be considered to be the prevailing party under the Rule. The plaintiff contends that Hansa Meyer is indeed the prevailing party and that no offer of judgment was filed.

As noted by the plaintiff, in the context of construing the term, "prevailing party" in a fee-shifting statute relating to an award of attorney's fees, a "prevailing party" has been held to be "one who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia*, 532 U.S. 598, 603 (2001). In the case at bar, Norfolk Southern contested the plaintiff's standing to bring the lawsuit, any liability for the claim, and the fact that the transformer was a total loss. This Court ruled in the plaintiff's favor on these issues and awarded $100,000 in damages. Although the Court did rule in favor of the defendant on the limitation of liability, the Court believes that the plaintiff was still the prevailing party.

Moreover, the defendant did not file an offer of judgment in this case. Fed. R. Civ. P. 68(a)

2

provides that, "more than ten days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Subsection (d) of the Rule provides that "if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer is made." The defendant cannot rely on a letter sent to TransLink before the litigation began as an offer of judgment under the rule.

Defendant also asserts that it would be inequitable to award the plaintiff costs due to the fact that Hansa Meyer actually lost the case. However, as noted above, the defendant took the position at trial that the plaintiff should be awarded nothing in its vigorous defense of the case. Therefore, the Court believes it would indeed be equitable to award the plaintiff costs. In addition, the defendant contends that an award of costs would be contrary to Congressional intent that damage claims should be resolved during the claims process established under the Carmack Amendment. However, the defendant points the Court to no statute which could be considered an "express provision" under Rule 54(d)(1) that costs should not be allowed as a matter of course.

Defendant also asserts that Hansa Meyer is not entitled to costs for the testimony of witnesses William Blazer and Herman Witt in the amount of $1312.15. Defendant contends that Mssrs. Blazer and Witt provided no testimony in support of awarding the plaintiff $100,000 under the Carmack Amendment. The Court agrees with the plaintiff that these witnesses were fact witnesses who testified regarding their inspection of the scene of the derailment and the transformer after the accident and their conversations with representatives of Norfolk Southern regarding the derailment. Therefore, the Court shall award the plaintiff the costs relating to Mssrs. Blazer and Witt.

Finally, the defendant takes the position that the plaintiff is not entitled to be awarded as costs the cost of the original and one copy of the expedited trial transcript in the amount of $851.00. Plaintiff

asserts that the defendant's bill of costs also requests the cost of the expedited transcript and that since the Court requested the parties to send in amended proposed findings of fact and conclusions of law, this cost was reasonably incurred.  Neither party cites the relevant provision of the local rule.  Local Rule 54.03(C)(1) provides that the cost of the original trial transcript is taxable as follows:

> (i) When requested by the Court (which is rare).  Mere acceptance by the Court does not constitute a request;
> (ii) At trial stage when, prior to incurring expenses, the Court determines that it is necessary;
> (iii) When prepared pursuant to stipulation of parties with agreement to tax as costs; and
> (iv) When used on appeal.

Subsection (b) provides that "when there is no appeal, the trial transcript is rarely taxed unless necessity is shown because of the facts and complexities of a particular controversy." However, the relevant statute, 28 U.S.C. § 1920 provides that a judge "may" tax the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

In the case at bar, the Court did not request the trial transcript and the Court did not find the transcript to be necessary.  Nor has the Court been provided with any stipulation of the parties regarding their agreement to tax costs.  Therefore, the Court denies this part of the plaintiff's bill of costs. As to the remainder of the plaintiff's bill of costs, the defendant fails to specifically object to or state the specific basis for any objection to the remaining itemized costs submitted.  The Court further denies the defendant's request for costs.

For the reasons stated above, plaintiff is awarded costs in the amount of **$12,223.45**.  These costs shall be included in the judgment of this Court. The defendant's request for taxation of costs is denied.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

July 3, 2008
Florence, South Carolina